IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01386-PAB
(Criminal Case No. 09-cr-00262-PAB)

UNITED STATES OF AMERICA,

v.

WILLIAM JAMES RUCKER,

      Defendant/Movant.

---

**ORDER TO SHOW CAUSE**

---

Movant, William James Rucker, has filed, *pro se*, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 126], challenging the validity of his conviction and sentence in this criminal action. The Court must construe Mr. Rucker's filing liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

**I. PROCEDURAL HISTORY**

Following a jury trial in January 2010, Mr. Rucker was convicted of one count of Felon in Possession of a Firearm (Armed Career Criminal), in violation of 18 U.S.C. § 922(g)(1). Docket No. 79. The Court sentenced Movant to a 210-month term of imprisonment. *Id.* The Court of Appeals for the Tenth Circuit affirmed the conviction and sentence in *United States v. William James Rucker*, No. 10-1152 (10th Cir. March

25, 2011) (unpublished).  Docket No. 122.  Mr. Rucker did not file a petition for certiorari review in the United States Supreme Court.

On August 12, 2012, Mr. Rucker filed a "Motion for Leave to File Retroactive Enhancement Relief Pursuant to 28 U.S.C. §2255(f)(3); and *Holland v. Florida*, 130 S. Ct. 2549 (2010)."  Docket No. 124.  Movant did not make any substantive allegations in the motion or request any relief.  *Id.*  The Court denied the motion because it was not clear what Mr. Rucker was requesting.  Docket No. 125.

On June 29, 2015, Mr. Rucker filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody," Docket No. 126, in which he asserts three claims for relief.  The § 2255 Motion is not filed on the court-approved form.  However, the Court is not inclined to order Mr. Rucker to cure the deficiency at this time because it appears that the § 2255 motion is untimely.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

> (1)  the date on which the judgment of conviction becomes final;
>
>> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the one-year limitation period ran from the date on which Movant's conviction became final.[1]  *See* § 2255(f)(1).  Mr. Rucker's judgment of conviction became final on June 23, 2011, when the time period expired to seek certiorari review in the United States Supreme Court.  *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a United States court of appeals must be filed within 90 days after entry of the judgment).  The one-year period expired on June 23, 2012.  *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)).  However, Mr. Rucker did not file a § 2255 motion until June 29, 2015, after the limitation period lapsed.

The one-year limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  *United States v. Grealish*, No. 13-4182, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying

---

[1] Mr. Rucker does not allege any facts in the § 2255 motion to suggest that one of the other subsections of § 2255(f) is potentially applicable here, nor do the filings in this case indicate that a different commencement date applies.

3

equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)).  Mr. Rucker bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008); *see also U.S. v. Garcia-Rodriguez*, 2008 WL 1868019, No. 07-8077 (10th Cir. April 28, 2008) (unpublished) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

Mr. Rucker sets forth no argument in his § 2255 motion, or the attachments thereto, to justify his failure to file the instant action in a timely manner.  Accordingly, it is

**ORDERED** that Mr. Rucker shall show cause, in writing, **within thirty days of this Order**, why the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" [Docket No. 126] should not be DENIED as time-barred under 28 U.S.C. § 2255(f).  It is further

**ORDERED** that if Mr. Rucker fails to respond to this Order by the court-ordered deadline, the § 2255 Motion will be denied without further notice.

DATED June 30, 2015.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge